**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BLUE CROSS AND BLUE SHIELD ASSOCIATION,** § § | |
| *Plaintiff*, § | |
| § | |
| **v.** § | |
| § | Civil Action No. 5:23-cv-00800-FB-RBF |
| **WOUND SYNC, LLC,** § | |
| *Defendant*. § | |

**STIPULATION AND ORDER CONCERNING PROTOCOL
FOR CONDUCTING REMOTE DEPOSITIONS**

Plaintiff, Blue Cross and Blue Shield Association ("BCBSA") and Defendants, Defendant, Wound Sync, LLC ("Wound Sync") (collectively referred herein at "the Parties"), jointly submit the following Stipulation and Order concerning protocol for conducting depositions via remote means in the above-captioned manner:

1. To the extent the Parties stipulate to a remote deposition under FED. R. CIV. P. 30(b)(4) for a third-party witness, these procedures will govern the taking of the deposition.

2. The Parties agree to use a licensed court reporter for court reporting, videoconference, and remote deposition services. The Parties agree that a licensed court reporter employee or representative may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections, except as to form, to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties may each participate in the videoconference deposition remotely and separately. Each person attending a deposition remotely shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

5. No counsel shall initiate a private conference, including through text message, electronic mail, or any chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by a licensed court reporter, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by a licensed court reporter prior to the deposition and controlled by a licensed court reporter.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of FED. R. CIV. P. 30(b)(3), but the court reporter may not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state or country where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. A licensed court reporter will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The Parties agree that the court reporter is an "Officer" as defined by FED. R. CIV. P. 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. At the beginning of each deposition, consistent with FED. R. CIV. P. 30(b)(5)(A), a licensed court reporter employee or representative responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

12. At the beginning of each segment of the deposition, consistent with FED. R. CIV. P. 30(b)(5)(B), the licensed court reporter employee or representative responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

13. The Parties agree to work collaboratively and in good faith with a licensed court reporter to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the

deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

14. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

15. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under FED. R. CIV. P. 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under FED. R. CIV. P. 45 a reasonable time before the date of the deposition.

16. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

i. Counsel noticing the deposition shall send a compressed .zip file or send through file sharing applications the exhibits that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The exhibits be delivered by two (2) business days before the deposition. The Party that noticed the deposition shall provide a licensed court reporter with a copy of this Stipulation and Order. Counsel for the deponent, the other Party's counsel, and the

  court reporter shall confirm receipt by electronic mail to Counsel noticing the deposition.

 ii. Counsel may introduce exhibits electronically during the deposition, by using the licensed court reporter document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

17. All deponents receiving documents before or during a deposition, pursuant to Paragraph 17 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

18. Counsel for the Parties may keep any document or exhibit used during the deposition, consistent with the Stipulated Protective Order entered in this case. Counsel for the Parties shall return any documents not used during the deposition to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

19. Counsel noticing the deposition shall provide any counsel for third-party witnesses with a copy of the Parties' Stipulated Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Stipulated Protective Order, and shall return any documents not used during the deposition to the Counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

SIGNED on this the _____ day of _____, 2023.

                _____
                UNITED STATES MAGISTRATE JUDGE
                RICHARD B. FARRER

STIPULATED TO :

| | |
|---|---|
| */s/ Keyonn L. Pope*<br>Nathanial St. Clair<br>JACKSON WALKER LLP<br>2323 Ross Avenue, Suite 600<br>Dallas, TX 75201<br>(T): 214.953.5948<br>(F): 214.666.6848<br>nstclair@jw.com<br><br>Amanda N. Crouch<br>TX State Bar No. 24077401<br>112 E. Pecan Street, Suite 2400<br>San Antonio, TX 78205<br>(T): 210.978.7900<br>(F): 210.242.4646<br>acrouch@jw.com<br><br>Keyonn L. Pope (pro hac vice)<br>IL Bar No. 6301921<br>Monique B. Howery (pro hac vice)<br>IL Bar No. 6309276<br>Edgar Matias (pro hac vice)<br>IL Bar No. 6336336<br>RILEY SAFER HOLMES & CANCILA LLP<br>70 W. Madison Street, Suite 2900<br>Chicago, IL 60602<br>(T): 312.471.8700<br>(F): 312.471.8701<br>kpope@rshc-law.com<br>mhowery@rshc-law.com<br>ematias@rshc-law.com<br><br>*Attorneys for Plaintiff Blue Cross and Blue Shield Association* | /s/ Charles W. Hanor<br>Charles W. Hanor<br>Texas Bar No. 08928800<br><br>Ayesha M. Malik<br>Texas Bar No. 24118449<br><br>HANOR LAW FIRM PC<br>750 Rittiman Road<br>San Antonio, Texas 78209<br>Telephone: (210) 829-2002<br>trademarks@hanor.com<br><br>*Attorneys for Defendant Wound Sync, LLC* |

4862-4237-6318, v. 1